November 20, 2024

United States District Court
For the Eastern District of North Carolina
Southern Division – In Admiralty
2 Princess Street
Wilmington, NC 28401

Attention: The Honorable Judges of the United States District Court for the Eastern District of North Carolina

RE: Letter of Undertaking In the Matter of GORDON DALE MANN, Owner of the M/Y HOOKED ON A FEELING, a 1988 63' +/- Gulfstar, HIN # GFS63004K788, Official # 937310, her engines, tackle, apparel, appurtenances, fittings, etc. for Exoneration from and/or Limitation of Liability

| | |
|---|---|
| Dates of Voyage: | September 3, 2022 from Atlantic Yacht Basin, Chesapeake, Northampton County, Virginia via the Atlantic Ocean and Intracoastal Waterway (including a leg or segment of the voyage from Oriental, Pamlico County, North Carolina to Wrightsville Beach, New Hanover County, North Carolina on September 4, 2022) to and terminating at Grand Dunes Marina in North Myrtle Beach, Horry County, South Carolina on or about September 5, 2022 |
| Insurance Company: | Accelerant Specialty Insurance Company<br>400 Northridge Rd., Suite 800<br>Sandy Springs, GA 30350 |
| Policy No.: | CSRYP/211923 – Concept Special Risks |
| Date of Loss: | September 4, 2022 |

To Whom it May Concern:

    As security in the above-captioned action now pending in the United States District Court for the Eastern District of North Carolina, Southern Division, in Admiralty, captioned *In the Matter of GORDON DALE MANN, Owner of the M/Y HOOKED ON A FEELING, a 1988 63' +/- Gulfstar, HIN # GFS63004K788, Official # 937310, her engines, tackle, apparel, appurtenances, fittings, etc. for Exoneration from and/or Limitation of Liability,* as required by 46 U.S.C. § 30501, *et seq.*, the undersigned, on behalf of Accelerant Specialty Insurance Company ("ASIC"), the protection and indemnity underwriters for Gordon Dale Mann, as the policyholder and named insured under policy no. CSRYP/211923 – Accelerant Specialty Insurance

EXHIBIT B

Company concerning the *M/Y HOOKED ON A FEELING, a 1988 63' +/- Gulfstar, HIN # GFS63004K788, Official # 937310, her engines, tackle, apparel, appurtenances, fittings, etc.* ("Vessel"), hereby agrees:

1. That this letter of undertaking shall serve as security within the meaning of Rule F(1) of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims and Local Admiralty Rule F.1. This letter of undertaking shall also serve, in the event of a final decree (after appeal, if any) be entered in favor of claimant(s) and against Limitation Plaintiff, as owner of the Vessel, arising out of the injuries sustained by claimant(s), or the claims settle between the parties, where said settlement has been made with the approval of the undersigned, as security up to and not exceeding, the sum of $176,748.00, being (the maximum value of the Vessel, $176,248.00), pending freight (none), plus costs ($500.00) per Supplemental Rule F(1) and Local Rule F.1 and interest at the rate of 6% per annum from the date of this instrument.

2. That nothing contained in Paragraph 1 hereof is intended to prohibit ASIC from filing a bond in form and sufficiency to this Court for costs to be set by this Court, together with interest at the rate of six percent (6%) per annum, pursuant to Rule F(1) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty and Maritime Claims.

3. In the event the bond referred to in Paragraph 2 above is filed, the undersigned underwriter shall have no further obligation under Paragraph 1 above as to costs.

4. That this agreement and undertaking shall be governed by the laws of this Court. ASIC hereby consents to be sued on this agreement and undertaking in this Court and submits itself to the jurisdiction of this Court on this letter only and for no other purpose. Service of process in any action on this agreement and undertaking may be made on Jason R. Harris, Esq. by service to Farrell Smith O'Connell Aarsheim Aprans LLP, 321 North Front Street, Suite 104, Wilmington, NC 28401, via United States Certified Mail, Return Receipt Requested. Final judgment after all appeals, which is entered against or for Limitation Plaintiff, or the Vessel shall be conclusive and may be enforced in any jurisdiction where ASIC or its assets may be found for and up to the sum of $176,748.00, being (the maximum value of the Vessel, $176,248.00), pending freight (none), plus costs ($500.00) per Supplemental Rule F(1) and Local Rule F.1 and interest at the rate of 6% per annum from the date of this instrument. In any suit on any such final judgment, after all appeals, a certified or exemplified copy of such judgment shall be conclusive evidence of the fact of the amount due under such judgment.

5. This letter is written entirely without prejudice as to any rights, defenses, immunities, or limitations, statutory, contractual, or otherwise, which the Vessel or her owner(s) may have, including, but not limited to, the right of exoneration or limitation of liability, none of which rights are to be regarded as waived, and is not deemed an admission of liability. All other objections and defenses otherwise available are respectively reserved on behalf of the Vessel and her owner(s).

6. It is understood and agreed that the execution of this letter by the undersigned on behalf of ASIC shall not be construed as binding on the undersigned personally but is to be binding only upon ASIC.

Very truly yours,

/s/ _____

Accelerant Specialty Insurance Company,

By: Revel Boulon