UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION – IN ADMIRALTY

CVIIL ACTION NO. 7:24-CV-01088-D

In the Matter of:

GORDON DALE MANN, Owner of the
M/Y HOOKED ON A FEELING, a 1998
63' +/- Gulfstar, HIN #GFS63004K788,
Official # 937310, her engines, tackle,
Apparel, appurtenances, fittings, etc.

For Exoneration from
and/or Limitation of Liability

## ANSWER AND CLAIM OF DAVID E. BEST AND KELLI B. BEST

COMES NOW, **DAVID E. BEST** and **KELLI B. BEST**, Claimants in the above-captioned matter, by and through undersigned counsel, and submits the following Answer and Claim in response to **GORDON DALE MANN's** ("Limitation Plaintiff's) Verified Complaint for Exoneration From or Limitation of Liability (the "Complaint") [DE #1] and would show this Honorable Court as follows:

### FIRST DEFENSE
(Answering the Allegations of the Complaint)

1. The allegations contained in Paragraph 1 of Plaintiff's Complaint are a legal conclusion to which no response is required. To the extent a response is required, the allegations contain in Paragraph 1 are admitted upon information and belief.

2. The allegations contained in Paragraph 2 of Plaintiff's Complaint are admitted upon information and belief.

3. The allegations contained in Paragraph 3 of Plaintiff's Complaint are admitted upon information and belief.

4. It is admitted that Vessel was in the vicinity of the Intracoastal Waterway near the Figure Eight Bridge in Pender or New Hanover County on or about the 4th day of September 2022. Except as admitted, Claimants are without sufficient information to admitted or denied the allegations contained in Paragraph 4 of Plaintiff's Complaint and therefore they are denied.

5. Claimants are without sufficient information to admit or deny the allegations contained in Paragraph 5 of Plaintiff's Complaint and therefore they are denied.

6. Claimants are without sufficient information to admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint and therefore they are denied.

7. The allegations contained in Paragraph 7 of Plaintiff's Complaint are denied.

8. It is admitted upon information and belief that law enforcement or other state or federal agents intercepted the Vessel in the vicinity of Figure Eight Bridge. Upon information and belief one or more agency cited the owner and/or operators for an unknown violation. Except has admitted, the allegations contained in Paragraph 8 of Plaintiff's Complaint are denied.

9. Claimants are without sufficient information to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint and therefore they are denied.

10. The allegations contained in Paragraph 10 of Plaintiff's Complaint are admitted upon information and belief.

11. Claimants are without sufficient information to admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint and therefore they are denied.

12. Claimants are without sufficient information to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint and therefore they are denied.

13. Claimants are without sufficient information to admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint and therefore they are denied.

14. To the extent any of the assertions without Limitation Plaintiff's Paragraph 14 is required, Claimants are without sufficient information to admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint and therefore they are denied.

15. The allegations contained in Paragraph 15 of Plaintiff's Complaint are denied.

16. The allegations contained in Paragraph 16 of Plaintiff's Complaint are denied.

17. The allegations contained in Paragraph 17 of Plaintiff's Complaint are denied.

18. The allegations contained in Paragraph 18 of Plaintiff's Complaint are denied.

19. Claimants are without sufficient information to admit or deny the allegations contained in Paragraph 19 of Plaintiff's Complaint and therefore they are denied.

20. Claimants are without sufficient information to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint and therefore they are denied.

21. The allegations contained in Paragraph 21 of Plaintiff's Complaint are admitted upon information and belief.

22. To the extent a response is required, Claimants are without sufficient information to admit or deny the allegations contained in Paragraph 22 of Plaintiff's Complaint and therefore they are denied.

23. To the extent a response is required, it is denied that Limitation Plaintiff is entitled to seek or receive exoneration from or limitation of liability for claims arising out of the voyage.

## SECOND DEFENSE
### (Privity and Knowledge)

24. Claimants incorporate by reference the above paragraphs as if fully set forth herein.

25. Upon information and belief, the condition of the Boat and acts and omissions culminating in the Incident were within the actual and constructive knowledge of Limitation Plaintiff. Due to Limitation Plaintiff's privity and

knowledge, Limitation Plaintiff's Verified Complaint for Exoneration From or Limitation of Liability should be denied.

## THIRD DEFENSE
### (Limitation Plaintiff's Negligence)

26. Claimants incorporate by reference the above paragraphs as if fully set forth herein.

27. Upon information and belief, the Incident was caused, at least in part, by the deficient condition of the Boat and negligent acts and omissions on the part of Limitation Plaintiff and/or those whom Limitation Plaintiff is responsible, and the Verified Complaint for Exoneration from of Limitation of Liability should be denied.

## CLAIMS
## of
## David E. Best and Kelli B. Best

1. This is a claim brought under Rule F(5) of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, the Maritime Law of the United States and 28 U.S.C. §1333, for property damage to Claimants' dock and 2022 Jupiter 30' Center Consol recreational vessel arising out of Limitation Plaintiff's negligence and gross negligence with regard to the operation of Limitation Plaintiff's Vessel. Damages from this maritime tort were caused by the negligence of

the owner, operator, manager and master of the Vessel, and/or others and the unseaworthiness of the Vessel as will be more fully described below.

2. Claimants are domiciled in North Carolina.

3. On information and belief, Limitation Plaintiff is a citizen and resident of Boca Raton, Palm Beach County, Florida and the Vessel is currently in Limitation Plaintiffs possession in Pompano Beach, Florida.

4. On information and belief, at all pertinent times, Limitation Plaintiff was and is the sole registered owner of the Vessel.

5. On information and belief, Limitation Plaintiff exercised active management and control over Limitation Plaintiff's Vessel.

6. Claimants specifically reserve the right to proceed in the forum of their choice outside of this Petition for Limitation of or Exoneration from Liability, after the issue of limitation is resolved.

## FACTS

7. Claimants re-assert and incorporates herein the allegations above as if fully set forth herein.

8. On or about September 4, 2022, Limitation Plaintiff's Vessel was on a voyage which included transiting the Intracoastal Waterway which included a leg or segment of the voyage from Oriental, Pamlico County, North Carolina to Wrightsville Beach, New Hanover County (the "Voyage").

9. During the Voyage, Limitation Plaintiff was aboard Vessel.

10. Limitation Plaintiff was negligently operating Vessel so as to cause excessive wake which impacted and caused damage to Claimants dock and vessel.

11. Excessive wake foreseeably and proximately caused damage to Claimants dock and vessel, requiring repairs.

12. Claimants have incurred substantial expenses for repairs to their dock and certain repairs to their Boat from damages caused by Limitation Plaintiff.

13. Claimants' damages that resulted from the Incident in question, were in no way caused or contributed to by any fault or neglect of Claimants, but rather, said damages were caused by the fault and negligence, gross negligence and recklessness of Limitation Plaintiff in one (1) or more of the following particulars, among others, all of which will be more fully shown at the trial of this matter:

   a. by failing to maintain the Vessel in a proper, safe, and seaworthy condition;

b. by allowing the Vessel to embark on the Voyage in an unsafe and unseaworthy condition;

c. by permitting the Vessel to be operated in a negligent manner so as to endanger the life, limb or property of any person in violation of North Carolina General Statute Chapter 75A (North Carolina Boating Safety law);

d. by failing to proceed at a safe speed under the circumstances;

e. by failing to manipulate, control, and/or operate the Vessel in a safe or appropriate manner to exercise reasonable care under the circumstances;

f. by failing to follow the applicable Inland Navigation Rules codified at 33 U.S.C. Ch. 34, Subchapters I and II, et seq., including, without limitation, Rules 6 and 9;

g. by failing to use a degree of care and caution that a reasonable and prudent person would have used under the circumstances, then prevailing, which was in violation of the statutory common laws of the State of North Carolina and the general maritime laws of the United States of America;

h. by failing to act as a reasonable and prudent vessel owner would have acted, under the same or similar circumstances; and

i. by other acts or omissions of carelessness, negligence, and recklessness as shall be shown at the trial of this action.

14. The carelessness, negligence, and/or recklessness of the Vessel, her master and operators and Limitation Plaintiff were direct and proximate causes of the Claimant's damages.

15. The Limitation Plaintiff's Vessel caused significant physical damage to the dock plus damage to Claimants' vessel, in an amount in excess of $25,000, as will be shown at the trial of this matter.

WHEREFORE, having answered Limitation Plaintiff's Verified Complaint and set forth its Claim herein, Claimants pray

1. That the Court conducts a bench trial as to all factual matters herein;
2. That the Court adjudge Claimants' Answer and Claim to Limitation Plaintiff's Verified Complaint to be good and sufficient;
3. That the court entered judgment award actual, special and consequential, plus attorney's fees, costs and pre-judgment interest, in favor of Claimants and against Limitation Plaintiff;
4. That limitation and exoneration from liability be denied to Limitation Plaintiff;

5. That the Verified Complaint be dismissed with prejudice with costs assessed against the Limitation Plaintiff; and

6. For such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED, this the 14th day of March 2025.

ROUNTREE LOSEE LLP

/s/ Geoffrey A. Losee
Geoffrey A. Losee
NC State Bar No. 21185
glosee@rountreelosee.com
Halee A. Morris
NC State Bar No. 57329
2419 Market Street
Wilmington, NC 28403
hmorris@rountreelosee.com
(910) 763-3404
(910) 763-0320 Fax
*Attorneys for Claimants David E. Best
And Kelli B. Best*

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Answer and Claim has been served via the Court's Electronic Case Filing system to the following:

>Jason R. Harris – jharris@fsofirm.com
>Melanie A. Huffines – mhuffines@fsofirm.com
>Farrell Smith Connell Aarsheim Aprans LLP
>321 North Front St., Suite 104
>Wilmington, NC 28401

This the 14th day of March 2025.

>/s/ Geoffrey A. Losee
>Geoffrey A. Losee