# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### SOUTHERN DIVISION – IN ADMIRALTY

## CIVIL ACTION NO. 7:24-CV-01088-D-RJ

| | |
|---|---|
| In the Matter of: | **LIMITATION PLAINTIFF'S OBJECTIONS, RESPONSES, ANSWERS AND AFFIRMATIVE DEFENSES TO THE CLAIM OF TRACI RIVENBARK [DE12] AND COUNTERCLAIM OF TRACI RIVENBARK [DE13]** |
| GORDON DALE MANN, Owner of the M/Y HOOKED ON A FEELING, a 1988 63' +/- Gulfstar, HIN # GFS63004K788, Official # 937310, her engines, tackle, apparel, appurtenances, fittings, etc. | **-AND-** |
| For Exoneration from and/or Limitation of Liability | **THIRD-PARTY COMPLAINT, IMPLEADER AND DEMAND FOR JUDGMENT IN FAVOR OF CLAIMANT TRACI RIVENBARK (IF ANY) TO BE AGAINST LAWRENCE D. RIVENBARK** |

NOW COMES Limitation Plaintiff, Gordon Dale Mann, Owner of the M/Y HOOKED ON A FEELING, a 1988 63' +/- Gulfstar, HIN # GFS63004K788, Official # 937310, her engines, tackle, apparel, appurtenances, fittings, etc. ("Mann Vessel") by and through counsel and responds to the Claim of Traci Rivenbark [DE 12] and Counterclaim of Traci Rivenbark [DE 13] as follows:

I.  He objects, responds, and answers the Claim of Traci Rivenbark [DE 12];

II.  He objects, responds, and answers the Counterclaim of Traci Rivenbark [DE 13];

III.   He asserts affirmative defenses to claims (however styled) including the Claim [DE 12] and Counterclaim [DE 13]; and

IV.   He makes a third-party complaint, impleader and demand for judgment in favor of Traci Rivenbark (if any) to be against Lawrence D. Rivenbark.

**I.    LIMITATION PLAINTIFF'S OBJECTION, RESPONSE AND ANSWER TO CLAIM OF TRACI RIVENBARK [DE 12]**

Pursuant to Supplemental Admiralty Rule F(8), Limitation Plaintiff objects to and controverts any claims or counterclaims (however styled) made or asserted by claimant Traci Rivenbark, and/or any other party against Limitation Plaintiff, including, without limitation, those included in the Claim of Traci Rivenbark [DE 12].

The allegations contained in the first un-numbered paragraph of the Claim of Traci Rivenbark contain statements of law to which no response is required. To the extent Limitation Plaintiff is required to respond, the allegations are denied as stated.

The allegations contained in the second un-numbered paragraph of the Claim of Traci Rivenbark are denied.

The allegations contained in the third un-numbered paragraph of the Claim of Traci Rivenbark are denied.

It is admitted that on September 4, 2022, the Vessel was traveling south in the Intracoastal Waterway near the Figure Eight Bridge in Pender or New Hanover County when the Mann Vessel Occupants were contacted by a New Hanover County Sherrif's Marine Unit and the North Carolina Department of Wildlife Resources law

enforcement officer(s) about concerns of witnesses about the Vessel's conduct (later determined to be allegations of excessive speed and/or wake) north of the Figure Eight Bridge; The Vessel Occupants did not receive a citation and were allowed to continue the Voyage; except as admitted the remaining allegations in the fourth un-number paragraph of the Claim of Traci Rivenbark are denied.

Limitation Plaintiff is without sufficient knowledge or information to either admit or deny the allegations contained in the fifth un-numbered paragraph of the Claim of Traci Rivenbark; to the extent an additional response is required, the remaining allegations are denied.

Limitation Plaintiff is without sufficient knowledge or information to either admit or deny the allegations contained in the sixth un-numbered paragraph of the Claim of Traci Rivenbark; to the extent an additional response is required, the remaining allegations in the sixth un-numbered paragraph of the Claim of Traci Rivenbark are denied.

## II.     LIMITATION PLAINTIFF'S OBJECTION, RESPONSE AND ANSWER TO COUNTERCLAIM OF TRACI RIVENBARK [DE 13]

Pursuant to Supplemental Admiralty Rule F(8), Limitation Plaintiff objects to and controverts any claims or counterclaims (however styled) made or asserted by claimant Traci Rivenbark, and/or any other party against Limitation Plaintiff, including, without limitation, those included in the Counterclaim of Traci Rivenbark [DE 13].

1.      The allegations contained in Paragraph 1 of the Counterclaim of Traci Rivenbark contain conclusions of law to which no response is required. To the extent Limitation Plaintiff is required to respond, the allegations are denied as stated.

2.      The allegations contained in Paragraph 2 of the Counterclaim of Traci Rivenbark are admitted.

3.      The allegations contained in Paragraph 3 of the Counterclaim of Traci Rivenbark are admitted.

4.      The allegations contained in Paragraph 4 of the Counterclaim of Traci Rivenbark contain conclusions of law to which no response is required. To the extent Limitation Plaintiff is required to respond, the allegations are denied as stated.

5.      Limitation Plaintiff is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 5 of the Counterclaim of Traci Rivenbark; upon information and belief, the allegations are admitted.

6.      Limitation Plaintiff is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 6 of the Counterclaim of Traci Rivenbark; to the extent an additional response is required, the allegations in Paragraph 6 are denied.

7.      Limitation Plaintiff admits that a United States Coast Guard Certificate of Documentation for the Vessel dated December 6, 2022 lists an address 7140 Harbour Landing, Alpharetta, GA 30005; except as admitted, the remaining allegations contained in Paragraph 7 of the Counterclaim of Traci Rivenbark are denied as stated.

8. The allegations contained in Paragraph 8 of the Counterclaim of Traci Rivenbark contain conclusions of law to which no response is required. To the extent Limitation Plaintiff is required to respond, the allegations are, upon information and belief, admitted.

9. Limitation Plaintiff is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 9 of the Counterclaim of Traci Rivenbark; to the extent an additional response is required, the remaining allegations in Paragraph 9 are denied.

10. The allegations contained in Paragraph 10 of the Counterclaim of Traci Rivenbark are denied.

11. The allegations contained in Paragraph 11 of the Counterclaim of Traci Rivenbark are admitted, but Limitation Plaintiff has not resided at that address since on or around May 2023.

12. It is admitted that the Vessel was operating in the Intracoastal Waterway on Sunday September 4, 2022; it is further admitted that the Vessel was engaged in a recreational, no freight pending, not "for hire" pleasure trip and voyage commencing on or about September 3, 2022, from Atlantic Yacht Basin, Chesapeake, Northampton County, Virginia via the Atlantic Ocean and Intracoastal Waterway (including a leg or segment of the voyage from Oriental, Pamlico County, North Carolina to Wrightsville Beach, New Hanover County, North Carolina on September 4, 2022) to and terminating, without damage nor being lost or abandoned, at Grand Dunes Marina in North Myrtle Beach, Horry County, South Carolina on or about

September 5, 2022 (the "Voyage"); several occupants were aboard the Vessel during the Voyage; at various times during the Voyage, most of the occupants, including Limitation Plaintiff, on September 4, 2022, took turns at the helm; and in any event Limitation Plaintiff should be exonerated for the matters set forth in the Counterclaim of Traci Rivenbark; except as admitted, the remaining allegations contained in Paragraph 12 of the Counterclaim of Traci Rivenbark are denied as stated.

13.     The allegations contained in Paragraph 13 of the Counterclaim of Traci Rivenbark are denied as stated.

14.     The allegations contained in Paragraph 14 of the Counterclaim of Traci Rivenbark are denied.

15.     It is admitted that the Vessel operated in a southbound direction; it is admitted that complaints were made to law enforcement that the wake of Limitation Plaintiff's Vessel damaged boats and other personal property including at or near Marsh Creek Marina; except as admitted, the remaining allegations contained in Paragraph 15 of the Counterclaim of Traci Rivenbark are denied.

16.     It is admitted that the Vessel operated in a southbound direction; it is admitted that complaints were made to law enforcement that the wake of Limitation Plaintiff's Vessel damaged boats and other personal property including at or near Simmons Drive; except as admitted; the remaining allegations contained in Paragraph 16 of the Counterclaim of Traci Rivenbark are denied.

17.     It is admitted that the Vessel operated in a southbound direction; it is admitted that complaints were made to law enforcement that the wake of Limitation Plaintiff's Vessel damaged boats and other personal property including at or near Scott's Hill Loop Road; except as admitted; the remaining allegations contained in Paragraph 17 of the Counterclaim of Traci Rivenbark are denied.

18.     Limitation Plaintiff is without sufficient knowledge or information to either admit or deny the allegations that the police were called by several witnesses; it is admitted that the occupants of Limitation Plaintiff's Vessel were contacted by a New Hanover County Sheriff's Marine Unit, and North Carolina Department of Wildlife Resources officer(s) conducted an investigation, ultimately allowing the vessel to continue on its way without the issuance of citation; to the extent an additional response is required, the remaining allegations in Paragraph 18 of the Counterclaim of Traci Rivenbark are denied.

19.     The allegations contained in Paragraph 19 of the Counterclaim of Traci Rivenbark are denied as stated.

20.     The allegations contained in Paragraph 20 of the Counterclaim of Traci Rivenbark are denied as stated.

21.     The allegations contained in Paragraph 21 of the Counterclaim of Traci Rivenbark are denied.

22.     The allegations contained in Paragraph 22 of the Counterclaim of Traci Rivenbark are denied.

23. Limitation Plaintiff is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 23 of the Counterclaim of Traci Rivenbark; to the extent an additional response is required, the remaining allegations in Paragraph 23 are denied.

24. Limitation Plaintiff is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 24 of the Counterclaim of Traci Rivenbark; to the extent an additional response is required, the remaining allegations in Paragraph 24 are denied.

25. Limitation Plaintiff is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 25 of the Counterclaim of Traci Rivenbark; to the extent an additional response is required, the remaining allegations in Paragraph 25 are denied.

26. The allegations contained in Paragraph 26 of the Counterclaim of Traci Rivenbark are denied.

27. The allegations contained in Paragraph 27, including sub-parts a – g, of the Counterclaim of Traci Rivenbark are denied.

28. The allegations contained in Paragraph 28 of the Counterclaim of Traci Rivenbark are denied.

29. The allegations contained in Paragraph 29 of the Counterclaim of Traci Rivenbark are denied.

### III. LIMITATION PLAINTIFF'S AFFIRMATIVE DEFENSES AS TO THE CLAIMS AND COUNTERCLAIMS (HOWEVER SYTLED) OF TRACI RIVENBARK

## FIRST AFFIRMATIVE DEFENSE

Limitation Plaintiff craves reference to his objections, responses and answers to the Claim of Traci Rivenbark and Counterclaim of Traci Rivenbark which are incorporated by reference.

## SECOND AFFIRMATIVE DEFENSE
### (Limitation of Liability Act)

Limitation Plaintiff is entitled to exoneration from liability, or, in the alternative a limitation of any liability pursuant to the provisions of the Limitation of Liability Act (46 U.S.C. § 30501 *et. seq.*).

## THIRD AFFIRMATIVE DEFENSE
### (Intervening/Superseding Negligence; Negligence of Others)

Upon information and belief, if claimant Traci Rivenbark has been damaged as alleged, which is denied, then, upon information and belief, such damages arose as a result of acts or omissions of others (particularly including but not limited to Lawrence D. Rivenbark) over whom Limitation Plaintiff had no control. These acts or omissions of others (particularly including but not limited to Lawrence D. Rivenbark) were superseding and/or intervening proximate causes of any damages suffered by Traci Rivenbark and are pleaded in bar of or offset to any recovery by Traci Rivenbark in this matter.

## FOURTH AFFIRMATIVE DEFENSE
### (Contributory or Comparative Negligence of Claimant Traci Rivenbark, Assumption of the Risk, Estoppel)

If it be found that Limitation Plaintiff was negligent in any respect whatsoever, such negligence again being specifically denied, then and in that event, Traci

Rivenbark, was careless and negligent and such carelessness and negligence contributed to the damages that Traci Rivenbark may have sustained and was at least one of the direct and proximate causes thereof, and such contributory and/or comparative negligence of Traci Rivenbark and Traci Rivenbark having assumed all such risks of any negligence of Limitation Plaintiff and Lawrence D. Rivenbark is pled in bar of any recovery by Traci Rivenbark against Limitation Plaintiff.

At all relevant times mentioned in the Complaint, the activities of Traci Rivenbark were attended by certain risks and dangers ordinarily and normally incident thereto, and which were foreseeable, open, obvious and known or which should have been known to Traci Rivenbark; and, in engaging in those activities, Traci Rivenbark is charged with all risks, dangers, and damages alleged in her Claim and Counterclaim, all of which were reasonably foreseeable and her actions or inactions disregarded this open and obvious danger and Traci Rivenbark voluntarily assumed a risk specifically known to her; therefore, any recovery from Limitation Plaintiff should be barred or offset accordingly.

Upon information (and particularly to the extent she is an owner, co-owner or operator of the vessel on which she was aboard) she knew or should have known of its condition and circumstances which, upon information and belief, made the Rivenbark vessel unseaworthy.

Any judgment in favor of Traci Rivenbark should be barred or offset because of her contributory or comparative negligence and/in assuming the risks of the

circumstances at the time of the alleged incident and she should be estopped from making the claims.

### FIFTH AFFIRMATIVE DEFENSE
### (Lack of Actual/Direct/Proximate/Foreseeable Cause)

Any alleged negligence on the part of Limitation Plaintiff, which is expressly denied, was not the actual, direct, proximate, or foreseeable cause, or the cause-in-fact of the alleged damage to Traci Rivenbark and/or did not play a substantial part in bringing about alleged damages to Traci Rivenbark, all of which is pleaded in bar of any recovery by Traci Rivenbark.

### SIXTH AFFIRMATIVE DEFENSE
### (Laches)

Limitation Plaintiff pleads in bar of Traci Rivenbark's right to recover, if any, the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

To the extent Traci Rivenbark has failed to mitigate damages by undertaking proper preventative or curative measures with respect to any damages allegedly suffered, Traci Rivenbark is barred from recovering from Limitation Plaintiff any damages which could have reasonably been mitigated.

### EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Medical Expenses and Equitable Setoff)

To the extent that Traci Rivenbark had/has access to health insurance that would have covered all or part of the claimed medical expenses of Traci Rivenbark and she failed and/or refused to submit claims for post-accident medical expenses to

said health insurance company, the same is plead as a bar or offset to the Claim and Counterclaim of Traci Rivenbark. If Traci Rivenbark submitted the claimed post-accident medical expenses to a health insurance company, Traci Rivenbark would, upon information and belief, obtain contractual rates for medical services with contractual write-offs, discounts, and/or adjustments that substantially reduce the amount necessary to satisfy the claimed medical expenses. To the extent that Traci Rivenbark is seeking an amount in excess of the contractual rates Traci Rivenbark could have or did obtain(ed) by submitting a claim to a health insurance company, Traci Rivenbark has either failed to mitigate the damages potentially recoverable in this matter or received medical services with contractual write-offs, discounts, and/or adjustments. The claims of Traci Rivenbark should be equitably reduced and offset by any contractual write-offs, discounts, and/or adjustments that were available or actually received.

## NINETH AFFIRMATIVE DEFENSE
### (Peril of the Sea)

The alleged injuries to Traci Rivenbark are attributed, whether in whole or in part, to a peril or perils of the sea for which Limitation Plaintiff is not responsible.

## TENTH AFFIRMATIVE DEFENSE
### (Act of God)

The alleged damages of Traci Rivenbark are attributable, whether in whole or in part, to an Act or Acts of God for which Limitation Plaintiff is not responsible.

## ELEVENTH AFFIRMATIVE DEFENSE
### (General Denial)

Limitation Plaintiff denies all allegations not expressly admitted above, including those contained in Traci Rivenbark's prayers for relief. Limitation Plaintiff expressly denies that Traci Rivenbark is entitled to any relief of any kind from Limitation Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE
### (Reservation of Additional Defenses and/or Affirmative Claims)

Limitation Plaintiff hereby reserves further defenses and/or affirmative claims which may apply based on facts discovered in this or any other action.

## IV. THIRD-PARTY COMPLAINT, IMPLEADER AND DEMAND FOR JUDGMENT IN FAVOR OF TRACI RIVENBARK (IF ANY) TO BE AGAINST LAWRENCE D. RIVENBARK

NOW COMES Limitation Plaintiff, Gordon Dale Mann ("Limitation Plaintiff"), as the Owner of the Mann Vessel pursuant to Rules 9(h), 14(c), and 38(e), the Supplemental Rules, and/or as otherwise is allowed by law and makes this Third-Party Complaint, Impleader and Demand for Judgment of Traci Rivenbark (if any) to be against Lawrence D. Rivenbark and says as follows:

### A. Jurisdictional and Factual Allegations

1. This is a case of admiralty and maritime jurisdiction over which the Court has subject matter jurisdiction pursuant to 46 U.S.C. § 30501 *et. seq.* and 28 U.S.C. 1333(1). This Court's admiralty and maritime jurisdiction is invoked pursuant to Rules 9(h), 14(c), and 38(e).

This action and claims and counterclaims (however styled) of Traci Rivenbark proceeds as if Traci Rivenbark made a claim against or sued Lawrence D. Rivenbark and Limitation Plaintiff.

To the extent that any judgment be entered against Limitation Plaintiff for the claims or counterclaims (however styled) of Traci Rivenbark, that a judgment instead (or, in the alternative, also) be entered against Lawrence D. Rivenbark, whether based on remedy over, contribution, or otherwise and for other relief on account of the same occurrence, or series of occurrences which are the subject of this action..

2.      Venue is proper in this Court pursuant to Supplemental Admiralty Rule F(9) in that the Limitation Plaintiff has been sued in this district with respect to the incident for which he seeks to exonerate or limit liability which allegedly occurred within this district and claims and counterclaims (however styled) were made against him by Traci Rivenbark.

3.      Limitation Plaintiff is a citizen and resident of Boca Raton, Palm Beach County, Florida.

4.      Limitation Plaintiff is the Owner of the M/Y HOOKED ON A FEELING, a 1988 63' +/- Gulfstar, HIN # GFS63004K788, Official # 937310, her engines, tackle, apparel, appurtenances, fittings, etc. ("Mann Vessel").

5.      At the time of the filing of the Limitation Action, the Mann Vessel was in Limitation Plaintiff's possession in Pompano Beach, Florida.

6.      Upon information and belief, Lawrence D. Rivenbark is a citizen and resident of Greensboro, Guilford County, North Carolina.

7.     Upon information and belief, Lawrence D. Rivenbark is and at all times relevant was the husband of Traci Rivenbark.

8.     Upon information and belief, Lawrence D. Rivenbark is the owner (or co-owner) of a 2017 24' Robalo R247 ("Rivenbark Vessel").

9.     The Mann Vessel was engaged in a recreation, no freight pending, not "for hire" pleasure trip and voyage commencing on or about September 3, 2022 from Atlantic Yacht Basin, Chesapeake, Northampton County, Virginia via the Atlantic Ocean and Intracoastal Waterway (including a leg or segment of the voyage from Oriental, Pamlico County, North Carolina to Wrightsville Beach, New Hanover County, North Carolina on September 4, 2022) to and terminating, without damage nor being lost or abandoned, at Grand Dunes Marina in North Myrtle Beach, Horry County, South Carolina on or about September 5, 2022 (the "Voyage").

10.     During the Voyage and particularly on September 4, 2022, the Vessel was traveling south in the Intracoastal Waterway near the Figure Eight Bridge in Pender or New Hanover County when the Mann Vessel Occupants were contacted by a New Hanover County Sherrif's Marine Unit and the North Carolina Department of Wildlife Resources law enforcement officer(s) about concerns of witnesses about the Vessel's conduct (later determined to be allegations of excessive speed and/or wake) north of the Figure Eight Bridge.

11.     The Mann Vessel Occupants did not receive a citation and were allowed to continue the Voyage.

12.     Upon information and belief, at the time of the alleged injuries to Traci Rivenbark, Lawrence D. Rivenbark, an owner or co-owner of the Rivenbark Vessel was operating (or allowing another to operate) the Rivenbark Vessel.

**B.     Procedural Background**

13.     In August of 2024, Limitation Plaintiff received a Summons and Complaint in that action known as Traci Rivenbark v. Gordon Mann, Pender County Superior Court, North Carolina file number 23CVS1310 ("Rivenbark State Court Action"). Traci Rivenbark seeks damages in the Rivenbark State Court Action for alleged personal injuries arising out of wake from the Mann Vessel during the Voyage which caused her alleged bodily injuries.

14.     The Rivenbark State Court Action was timely removed by Limitation Plaintiff pursuant to 28 U.S.C. 1333 to the United States District Court for the Eastern District of North Carolina, Southern Division in that action known as Traci Rivenbark v. Gordon Mann, case number 7:24-cv-830-D (Traci Rivenbark Federal Court Action).

15.     On November 22, 2024, Limitation Plaintiff filed this Limitation seeking Exoneration From and/or Limitation of Liability ("Limitation Action").

16.     In the Limitation Action, there are two groups of claimants: the Bests who allegedly sustained property damage [DE 9] and Traci Rivenbark who, in her Claim [DE 12] and Counterclaim [DE 13] seeks damages from Limitation Plaintiff for alleged personal injuries sustained in connection with the conduct of the Mann Vessel and Limitation Plaintiff on or about September 4, 2022 during the Voyage.

C. **Claims for Relief**

## FIRST CLAIM FOR RELIEF
### (Negligence)

17.     Limitation Plaintiff hereby incorporates by reference Paragraphs 1-16 as if fully set forth herein.

18.     Lawrence D. Rivenbark owed a legal duty to Traci Rivenbark to use reasonable care in the ownership and operation of the Rivenbark Vessel so as to prevent harm to occupant Traci Rivenbark.

19.     Lawrence D. Rivenbark was negligent in failing to use ordinary care in the operation of the Rivenbark Vessel, resulting in the incident involving Traci Rivenbark, Limitation Plaintiff and the Rivenbark Vessel.

20.     Upon information and belief, the alleged injuries and damages of Traci Rivenbark were the or a direct result of the negligent actions and inactions of Lawrence D. Rivenbark in at least the following ways:

      a.     taking the helm without adequate training and experience;

      b.     failure to operate with due regard;

      c.     failure to exercise good seamanship in the ordinary practice and circumstances then pending;

      d.     failure to maintain a proper look-out and to make a full appraisal of the situation and risks thereof;

      e.     failure to maintain a safe speed;

      f.     failure to use all available means appropriate to the prevailing circumstances and conditions to determine if risks existed;

g.      failure to take action to avoid incident including but not limited to failing to allow sufficient sea room and/or be in a safe location for the safe passage of the vessels, wakes, altering course and/or reducing speed;

h.      failure to recognize an impending danger and take corrective action;

i.      failure to give any appropriate sound signal;

j.      failure to make proper and/or any sound signals;

k.      failure to maintain discipline and behavior of Rivenbark Vessel occupants including Traci Rivenbark

l.      failure to maintain discipline and behavior or Rivenbark Vessel occupants including Traci Rivenbark in such a manner as to allow distractions from the safe operation of the Rivenbark Vessel;

m.      failure to manipulate, control and/or operate the Rivenbark Vessel in a safe or appropriate manner;

n.      failure to take early and substantial action to avoid impact with the other vessel or its wake;

o.      failure to exercise reasonable care under the circumstances;

p.      by other violations of state and federal statute and regulation as will be shown at the trial of this matter;

q.      by other particular acts or omissions of carelessness, negligence and recklessness as shall be shown at the trial of this action; and

        r.     as otherwise may be revealed in discovery and/or shown at the trial of this matter.

21. The alleged incident, injuries and damages of Traci Rivenbark, are the, or a, direct and proximate result of the of the operation of the Rivenbark Vessel by Lawrence D. Rivenbark.

## SECOND CLAIM FOR RELIEF
### (Indemnity, Equitable Indemnity, Contribution)

22. Limitation Plaintiff hereby incorporates by reference Paragraphs 1 - 21 as if fully set forth herein.

23. To the extent that Traci Rivenbark is entitled to damages from Limitation Plaintiff, then Limitation Plaintiff asserts claims against Lawrence D. Rivenbark in this action inasmuch as he may be wholly or partly liable to Traci Rivenbark for remedy over, contribution, or otherwise on account of the same occurrence, or series of occurrences which are the subject matter of this action and the action proceeds as if Traci Rivenbark has sued both Limitation Plaintiff and Lawrence D. Rivenbark.

24. Limitation Plaintiff hereby seeks indemnity, equitable indemnity, and/or contribution against Lawrence D. Rivenbark.

25. Limitation Plaintiff hereby tenders to Lawrence D. Rivenbark the Claim of Traci Rivenbark [DE 22] and the Counterclaim of Traci Rivenbark [DE 13] and in the event of judgment in favor of Traci Rivenbark against Limitation Plaintiff (if any), to be against Lawrence D. Rivenbark under all applicable theories of law available,

including, but not limited to, remedy over, contribution, indemnity, equitable indemnity, and/or as otherwise may be allowed.

26.     Lawrence D. Rivenbark shall defend against the Claim of Traci Rivenbark [DE 12] and the Counterclaim of Traci Rivenbark [DE 13] as if Traci Rivenbark had sued or made claims against Limitation Plaintiff and Lawrence D. Rivenbark.

WHEREFORE, Limitation Plaintiff prays for the following relief:

1.     For a judgment for exoneration from liability and/or limitation of liability, and all relief sought in Limitation Plaintiff's Complaint for Exoneration From and/or Limitation of Liability filed herein;

2.     That the Claim of Traci Rivenbark and Counterclaim of Traci Rivenbark be dismissed with prejudice;

3.     That Traci Rivenbark recover nothing from this Limitation Plaintiff;

4.     To the extent that any judgment be entered against Limitation Plaintiff, that a judgment instead or also be entered against Lawrence D. Rivenbark on account of the same occurrence, or series of occurrences which are the subject of this action, and/or for other relief from the claims and counterclaims (however styled) of Rivenbark, and/or any other potential claimant or claim; and

5.     That the costs of this action, including reasonable attorneys' fees, be taxed against Traci Rivenbark; and

6.     For such other and further relief as the Court may deem just and proper.

Respectfully submitted this the 16th day of April, 2025.

FARRELL SMITH O'CONNELL
AARSHEIM APRANS LLP

 /s/ Jason R. Harris
Jason R. Harris
N.C. State Bar No. 27876
321 North Front Street, Suite 104
Wilmington, North Carolina 28401
(910) 836-1755
(978) 666-0383 Fax
jharris@fsofirm.com

For Mail Only:
27 Congress St., Suite 508
Salem, MA 01970
*Attorney for Limitation Plaintiff*