UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION – IN ADMIRALTY

CIVIL ACTION NO. 7:24-CV-01088-D-RJ

| | |
|---|---|
| In the Matter of:<br><br>GORDON DALE MANN, Owner of the M/Y HOOKED ON A FEELING, a 1988 63' +/- Gulfstar, HIN # GFS63004K788, Official # 937310, her engines, tackle, apparel, appurtenances, fittings, etc.<br><br>For Exoneration from or Limitation of Liability | ENTRY OF DEFAULTS AGAINST NON-APPEARING PARTIES AND NON-ASSERTED CLAIMS |

**THIS CAUSE** having come before the undersigned Clerk of Court on Limitation Plaintiff, Gordon Dale Mann's ("Limitation Plaintiff"), Motion for Entry of Defaults Against Non-Appearing Parties and Non-Asserted Claims, Rule 55(a) and Supplemental Admiralty Rules F(4) and F(5) of the Federal Rules of Civil Procedure, and having reviewed the record herein, the undersigned finds that:

1. On November 22, 2024, Limitation Plaintiff filed a Verified Complaint for Exoneration from and/or Limitation of Liability [DE 1], pursuant to 46 U.S.C. §§ 30501 *et seq.* and Supplemental Rules for Certain Admiralty and Maritime Claims, Rule F of the Federal Rules of Civil Procedure, for any injuries, damages or losses of whatever in consequence of or arising out of or connected with the operation of M/Y HOOKED ON A FEELING, a 1988 63' +/- Gulfstar, HIN # GFS63004K788, Official # 937310, her engines, tackle, apparel, appurtenances, fittings, etc., (the "Vessel"), during a voyage from September 3, 2022 to September 5, 2022 (the "Voyage").

2.  On January 28, 2025, the Court issued an Order Directing Issuance of Notice, Restraining Prosecution of Claims and requiring public notice be given by publication thereof in *The Star News*, a newspaper within this District, for four successive weeks [DE 7]. Supplemental Admiralty Rule F(4) required Limitation Plaintiff to mail, no later than the day of the second publication, a copy of said Notice to every person known to have made a claim against the Vessel or Limitation Plaintiff arising out of the Voyage on which the claims sought to be limited arose. Supplemental Rule F(4).

3.  On January 28, 2025, the Clerk of this Court duly issued a Notice to Claimants of Complaint for Exoneration from or Limitation of Liability [DE 8]. The Notice required all potential claimants to file their claims with the Clerk of this Court, in the United States District Court for the Eastern District of North Carolina, Southern Division, and serve on Limitation Plaintiff's attorney, Jason R. Harris, a copy therefore on or before March 28, 2025 or be defaulted. *Id.*

4.  The Notice to Claimants was duly given and published in *The Star News* once a week for the four (4) successive weeks ending March 12, 2025, as required by the Court, and movants mailed a copy of the Notice to Claimants of Complaint for Exoneration from or Limitation of Liability to the last known address of all potential claimants known to Limitation Plaintiff, whether or not a claim was anticipated, against the Vessel or Limitation Plaintiff arising out of the Voyage on which the claims sought to be limited arose.

5. Limitation Plaintiff timely mailed (and, in some instances, personally served), no later than the day of the second publication a copy of said Notice to every person known to have made a claim against the Vessel or Limitation Plaintiff arising out of the Voyage on which the claims sought to be limited arose. Limitation Plaintiff has complied with Supplemental Admiralty Rule F(4).

6. The deadline for receipt of claims and answers was March 28, 2025.

7. Limitation Plaintiff, through undersigned counsel, was notified of the following three (3) claims, those of: (a) Kenneth Holley, Sr., (b) David E. Best and Kelli B. Best, and (c) Traci Rivenbark:

    a. Kenneth Holley, Sr.'s unfiled claim pursued *pro se* was resolved, accordingly, he has not appeared, answered, nor filed a clam;

    b. Attorney Geoffrey A. Losee gave notice of appearance on behalf of claimants David E. Best and Kelli B. Best [DE 11]. Before the expiration of the monitions period, the Answer to Verified Complaint for Exoneration from and/or Limitation of Liability and the Claim of David E. Best and Kelli B. Best were filed [DE 9];

    c. Attorney Andrew Hanley gave notice of appearance on behalf of claimant Traci Rivenbark [DE 14]. Before the expiration of the monitions period, the Claim of Traci Rivenbark [DE 12] and Counterclaim of Traci Rivenbark [DE 13] were filed.

8. No other person or party has appeared, filed any claims, or filed any pleadings in this matter.

9.  Limitation Plaintiff has complied with all service obligations of Supplemental Rule F and the Orders and Rules of this Court.

THEREFORE, defaults are hereby entered as to all non-appearing parties and non-asserted claims and the concursus of claimants in this action consists only of Claimants, David E. Best and Kelli B. Best, and Traci Rivenbark.

This the 14 day of May, 2025.

_____
Peter A. Moore, Jr., Clerk
United States District Court
Eastern District of North Carolina